**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4000-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JESSICA E. PERRY, a/k/a
JESSICA PERRY, J-ROCK,
QUAYONNA CROUCH,
and LAKEISHA JONES,

    Defendant-Appellant.

_____

> Submitted January 9, 2024 – Decided February 5, 2024
>
> Before Judges Whipple and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 19-06-0966.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

This case comes to us after being referred to a merits panel from the sentencing appeals calendar. Defendant challenges the July 26, 2022 order denying her motion for reconsideration of a prior order denying her application for gap-time credits. The trial judge denied defendant gap-time credits based on our Supreme Court's decision in State v. Carreker, 172 N.J. 100, 111 (2002). We affirm.

Defendant raised the following issues on appeal:

> POINT I
> [Defendant] is entitled to gap-time or equitable credit for a grossly excessive 529-day delay before Ocean County allowed her to appear in court via Zoom on a [violation of probation] (VOP) statement of charges. Alternatively, to avoid an arbitrary intercounty disparity in sentencing practices, [defendant] is entitled to gap-time or equitable credit for at least the 337-day delay before Ocean County allowed her to appear in court via Zoom after Mercer County had already allowed her to appear in court via Zoom from the same facility on the same VOP statement of charges.
>
> POINT II
> The State has consented to [fifty-two] days of credit under R. 3:21-8(b) for time spent on probation at Integrity House.[1]

---

[1] On January 11, 2024, pursuant to the parties' agreement, we entered an order to reflect the fifty-two days of Rule 3:21-8 credit owed to defendant. Thus, only Point I remains for our consideration.

The facts are undisputed. On June 25, 2019, defendant was indicted in Ocean County for second-degree eluding, N.J.S.A. 2C:29-2(b); third-degree receiving stolen property, N.J.S.A. 2C:20-7, third-degree distribution of CDS, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(5), fourth-degree obstruction, N.J.S.A. 2C:29-1; and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(b).

On October 1, 2019, defendant entered a guilty plea to second-degree eluding, third-degree distribution of CDS, and fourth-degree obstruction. In exchange for her guilty plea, the State agreed to recommend a five-year term of Recovery Court probation with an alternative aggregate sentence of five years of incarceration. The State also anticipated consolidation of these charges with defendant's then-pending Mercer County VOP charge.

The court sentenced defendant to a five-year term of Recovery Court probation, with a six-month driver's license suspension, and awarded 218 days of jail credit. The remaining charges were dismissed. On November 1, 2019, defendant began her probationary sentence at Integrity House. On December 23, 2019, she absconded from Integrity House, resulting in a VOP.

On August 13, 2020, defendant was arrested in Maine for being a fugitive and on various drug charges. On October 21, 2020, she was sentenced in Maine to three years of incarceration. On January 28, 2021, Ocean County probation

3

officers filed an addendum to defendant's VOP, based on her Maine court case and her failure to pay child support. On August 9, 2021, defendant pleaded guilty to her Mercer County VOP, and her probation was terminated at that time.

On March 15, 2022, defense counsel asked the court in Ocean County to permit virtual sentencing for the Ocean County VOP while defendant was still in Maine, which the court allowed. On July 12, 2022, the court permitted defendant to appear via Zoom from Maine, and she pleaded guilty to her Ocean County VOP. The court terminated her Recovery Court probation and sentenced her to the alternative five-year aggregate sentence, to run concurrent with her sentence on her Maine charges.

Defendant applied for gap-time credit for the period from January 28, 2021 through July 11, 2022—the period between the issuance of the amended VOP and her VOP sentencing. The court denied her application. Defendant moved for reconsideration, and the court denied reconsideration, holding defendant was not entitled to such a credit as a matter of law. On November 21, 2022, defendant appealed; the matter was placed on the excessive sentencing calendar and was ultimately transferred to the plenary calendar.

Defendant argues that she is entitled to 529 days of equitable gap-time credit toward her Ocean County VOP for the time she spent in custody in Maine

A-4000-21

that was solely attributable to Maine criminal charges. This argument is meritless, because the gap-time statute does not apply to this time period. Gap-time credits are governed by N.J.S.A. 2C:44-5(b), which provides, in relevant part:

> When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, . . . the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served.

Further, our Supreme Court has explicitly rejected out-of-state custody for out-of-state charges as a basis for New Jersey gap-time credit. In Carreker, our Supreme Court held it was the Legislature's intent to preclude gap-time credits from applying to custody resulting from out-of-state sentences:

> [T]he court below reasoned that the term "aggregate," within the framework of the statute, cannot encompass an out-of-state term as New Jersey prison authorities have no jurisdiction to "aggregate" out-of-state sentences. We reason similarly. We are satisfied that by including the term "aggregate" in the gap-time provision, the Legislature intended that provision to relate solely to in-state sentences.
>
> [172 N.J. at 111 (internal citation omitted), abrogated on other grounds by State v. Rawls, 219 N.J. 185, 193-94 (2014).]

A-4000-21

In short, <u>Carreker</u> explicitly bars the interpretation of N.J.S.A. 2C:44-5(b) which defendant asks this Court to adopt.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4000-21